## COMMONWEALTH *v.* T. G. BULL.

[Abstract Kentucky Law Reporter, Vol. 5—605.]

**Embezzlement.**

> An employer's agent entrusted with the collection of his employer's accounts is not guilty of embezzlement under Gen. Stat. 1883, ch. 29, art. 12, § 2, who collects the accounts and fails upon demand to pay the proceeds to such employer. But where property or things which are the subjects of larceny are entrusted to a person to be delivered at a place or to a person to whom the property was to be delivered, and there is failure to do so, it will amount to embezzlement.

### APPEAL FROM KENTON CIRCUIT COURT.

January 15, 1884.

OPINION BY JUDGE HARGIS:

The substance of the indictment and evidence is that the accused was arrested with accounts for collection in the states of Ohio and Indiana as the agent of Hamilton, a tobacco merchant, and that he collected the accounts and failed, although demanded of him, to pay the proceeds over to his employer. This is not embezzlement for which he was indicted under Gen. Stat. 1883, ch. 29, art. 12, § 2. That action contemplates only such state of case as the delivery or intrusting of property or things which may be the subject of larceny to any person to be delivered at a place or to a person to whom the property was to be delivered by the person intrusted with it for that purpose.

The accused did not receive the accounts to be delivered, except to those owing them when they should pay them, and this he did. Nor was he instrusted with any money by Hamilton or his debtors to be delivered at any place or to any person. Hamilton's debtors were discharged as soon as they paid their accounts to the accused and they had no interest in the money after it was paid by them to him, consequently they did not and could not have made him their trustee or carrier under the circumstances, he having received authority from Hamilton to make the collections. They were then acquit. In our opinion the statute was not for good and particular reasons intended to embrace such cases as this.

If it had, then every clerk, agent or business manager of another

would be subject to the charge of embezzlement whenever he should fail to account or pay over promptly the proceeds which might come to his hands, and thus render the situation of this necessary and large class of business men one of peril and constant anxiety, and subject them to the exactions and contortions of unjust or selfish employers. It is well that the legislature has not interfered, by legislation partial to the employer, with this commercial relation so much under the control and to the advantage of the employer, and whose very nature renders it essential that balances should often remain in the hands of the agent to subserve the interest of his employer or save his own wages and compel compliance with the terms of his employment.

These views are sustained by the cases of *Barclay v. Breckenridge,* 4 Metc. (Ky.) 374; *Commonwealth v. Williams,* 3 Gray (Mass.) 461; *Johnson v. Commonwealth,* 5 Bush. (Ky.) 430, and by the language and evident policy of the statute itself.

The peremptory instruction was therefore correctly given and the judgment is *affirmed.*

*P. W. Hardin, for appellant.*

[Cited, *Commonwealth v. Barney,* 115 Ky. 475, 24 Ky. L. 2352, 74 S. W. 181.]